# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DAVID R. DESPOT,                                    Case No. 1:06-cv-193

      Plaintiff

      vs

OHIO NATIONAL FINANCIAL
SERVICES, INC., et al.,                          **REPORT AND**
                                                 **RECOMMENDATION**
      Defendants                          (Dlott, J.; Hogan, M.J.)


      This matter is before the Court on defendants' motion to dismiss (Doc. 6), plaintiff's

memoranda in opposition thereto (Docs. 12, 15), and defendants' reply memorandum (Doc.

14), and on defendants' motion for summary judgment (Doc. 16) and plaintiff's memorandum

in opposition thereto. (Doc. 17).

      A motion for summary judgment should be granted if the evidence submitted to the

court demonstrates that there is no genuine issue as to any material fact and that the movant is

entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The

moving party must demonstrate the absence of genuine disputes over facts which, under the

substantive law governing the issue, could affect the outcome of the action. *Celotex Corp.*,

477 U.S. at 323.

      In response to a properly supported summary judgment motion, the non-moving party

"is required to present some significant probative evidence which makes it necessary to

resolve the parties' differing versions of the dispute at trial." *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The following facts are not in dispute. Plaintiff is a former employee of defendant The Ohio National Life Insurance Company. On April 5, 2006, he filed a complaint in this federal court asserting ten causes of action against seven defendants. (Doc. 1). On May 18, 2006, plaintiff filed an identical complaint against the same seven defendants in the Hamilton County, Ohio Court of Common Pleas. (Doc. 16, Exh. A). The state court complaint contains

2

allegations and causes of action identical to those alleged in the federal court complaint. *Id*.

On July 17, 2006, defendants filed a motion to dismiss plaintiff's State court complaint in the Hamilton County Court of Common Pleas. (Doc. 16, Exh. B).  Plaintiff opposed the motion and on August 17, 2006, the matter was heard on oral argument before the State court. (Doc. 16, Exh. C).  On August 22, 2006, the State court granted defendants' motion to dismiss "on the merits and in its entirety" and dismissed plaintiff's complaint "with prejudice" as to all defendants. (Doc. 16, Exh. E).

Defendants seek summary judgment in this federal action on the basis of *res judicata*. Defendants contend that the dismissal of plaintiff's State court action bars the instant federal court action.

Under the doctrine of *res judicata*, or claim preclusion, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, n. 5 (1979); *Gargallo v. Merrill Lunch, Pierce, Fenner & Smith*, 918 F.2d 658, 660-61 (6th Cir. 1990).  *Res judicata* "precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003), citing *Stern v. Mascio*, 262 F.3d 600, 608 (6th Cir. 2001); *Gargallo*, 918 F.2d at 660-61.  *See also Federated Department Stores, Inc., v. Moitie*, 452 U.S. 394, 398 (1981)(res judicata prevents the "relitigating of issues that were or could have been raised in [a prior] action.").  *Res judicata* provides that federal courts must give state court judgments the same effect the rendering state court would give them. *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 758 (6th Cir. 2003), citing 28

3

U.S.C. § 1738; *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).

Under Ohio law, which controls the effect of plaintiff's prior action, *Marrese*, 470 U.S. at

380, the doctrine of *res judicata* bars not only claims that were raised and determined in the

action, but also those that could have been raised and determined.  *See State ex rel. White v.

Franklin Cty. Bd. of Elections*, 65 Ohio St.3d 45, 47, 600 N.E.2d 656, 658 (1992).  To be

barred by *res judicata*, the following elements must be present: (1) there must be an identity

of the causes of action; (2) there must be an identity of the parties or their privies; and (3) the

judgment previously rendered must have been upon the merits. *Estate of Hards v. Shore*, 2005

WL 3219620, *1 (8th Dist. Ohio App. 2005), citing *Horne v. Woolever*, 170 Ohio St. 178,

163 N.E.2d 378 (1959).  *See also Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 653 N.E.2d

226, syllabus (1995).

In the present case, plaintiff's federal court complaint names the same defendants as

those named in the State court complaint.  Plaintiff's federal court complaint alleges the same

facts and causes of action against the defendants as in the State court action.  Plaintiff's State

court action was dismissed on the merits and with prejudice.  *See Reasoner v. City of

Columbus*, 2005 Ohio 468, 2005 LEXIS 493 (10th Dist. Ohio App. 2005); *Customized

Solutions, Inc. v. Yurchyk & Davis, CPA's, Inc.,* 2003 WL 22120273, *5 (7th  Dist. Ohio App.

2003).  *See also Briggs v. Cincinnati Rec. Comm.* (1998), 132 Ohio App.3d 610, 725 N.E.2d

1161 (1st Dist. Ohio App. 1998) (holding that dismissal for failure to state a claim with

prejudice was a final judgment on the merits which barred subsequent action under *res

judicata*).  The three elements for applying *res judicata*, *i.e.*, identity of the causes of action,

identity of the parties or their privies, and a final judgment on the merits, are satisfied.

4

Accordingly, plaintiff's federal court action is barred by *res judicata* and defendants' motion for summary judgment should be granted.


## IT IS THEREFORE RECOMMENDED THAT:

1.  Defendants' motion for summary judgment (Doc. 16) be **GRANTED**.

2.  Defendants' motion to dismiss (Doc. 6) be **DENIED** as moot.

3.  This matter be closed on the docket of the Court.


Date: 3/14/2007             s/Timothy S. Hogan
                            Timothy S. Hogan
                            United States Magistrate Judge

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION


DAVID R. DESPOT,                                    Case No. 1:06-cv-193
      Plaintiff

      vs

OHIO NATIONAL FINANCIAL
SERVICES, INC., et al.,
      Defendants                          (Dlott, J.; Hogan, M.J.)


### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( *Printed Name* )   C. Date of Delivery

1. Article Addressed to:

David R Despot
3119 Westover Dr.
State College, PA 16801

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)   ☐ Yes

2. Article Number
(*Transfer from service label*)

7002 0860 0006 5230 5585

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-0835

1:06cv193 (Doc. 20)